IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLLEEN MARIE STANDIFER and LEROY STANDIFER,<br><br>            Plaintiffs,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION, and MICHAEL A. GRASSMUECK, in his capacity as Receiver,<br><br>            Defendants. | 1:07-cv-2179-WSD |

## OPINION AND ORDER

Plaintiffs Colleen Marie Standifer and LeRoy Standifer ("Plaintiffs") are two of several plaintiffs, all acting *pro se*, who have brought actions in this Court against the Securities and Exchange Commission (the "SEC") and Michael A. Grassmueck ("Grassmueck") over alleged wrongs committed in connection with a separate suit brought by the SEC against Global Online Direct, Inc. ("Global"). The matter is before the Court on the Motions to Dismiss filed by Grassmueck [4] and the SEC [12].

## I.  INTRODUCTION

On April 5, 2007, the SEC filed suit in this Court against Global, Bryant Behrmann, and Larry Hunter, Global's principals and officers, for violations of various federal securities laws.  See No. 07-cv-0767-WSD (N.D. Ga. 2007) (the "Global Action").  The SEC alleges in the Global Action that Global's primary business was the purchase and resale of retail surplus inventory.  As a mechanism for raising revenue and purchasing further inventory, Global developed the Global Online Depository Secure Profit Interest Program ("SPIP").  Through the SPIP, investors who had been pre-selected by Global agreed to loan funds to Global with the promise of interest returns well above market rates.  The SEC's amended complaint against Global alleges violations of the Securities Act of 1933, 15 U.S.C. § 77a, et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq.  The SEC alleges that Global and its principals offered and fraudulently sold approximately $45 million in unregistered securities.

On June 4, 2007, the Court entered an Order in the Global Action appointing Grassmueck as the permanent Receiver of Global, its subsidiaries, and its affiliates.  No. 07-cv-767-WSD [12] ("the June Order").  The Court also ordered the assets of the Global Action defendants to be frozen, including all funds and proceeds

obtained or derived from investors or lenders participating in Global's SPIP.  Id. at 22-23.  The Court's Order provided that all "creditors and others seeking money damages or other relief from the Receiver Estate . . . are enjoined from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Estate . . . except with the prior permission of this Court."  Id. at 19-20.

On June 25, 2007, Grassmueck mailed notice to Global's investors and creditors, including Plaintiffs, explaining that Global's assets were frozen and advising that all claims against Global were prohibited from being asserted without prior approval of this Court.  No. 07-cv-767-WSD, Pls.' Mot. to Intervene [56], Exh. C.

On September 6, 2007, Plaintiffs filed this action.[1]  Plaintiffs appear to claim that they are entitled to the return of $10,001.00, plus interest, that they loaned to Global through the SPIP.  Plaintiffs claim that the SEC and Grassmueck are wrongfully exercising dominion over property that Plaintiffs believe rightfully

---

[1] Plaintiffs' action is one of four independent *pro se* actions brought by creditors of Global.  Plaintiffs' filings in this action are identical in all material respects to the plaintiff's filings in Le v. Securities & Exchange Commission, No. 1:07-cv-2212-WSD.

belongs to them.  Plaintiffs seek damages of $10,001.00 plus interest, the immediate return of their loan to Global, and an order enjoining the SEC from interfering with the contractual relationships between Global and its creditors and investors.  Plaintiffs also demand higher scrutiny of the SEC, the regulations it promulgates, and its operations generally.

On October 18, 2007, Grassmueck moved to dismiss the complaint against him [4].  On November 26, 2007, the SEC moved to dismiss the complaint against it [12].[2]

## II.  DISCUSSION

### A.  Grassmueck's Motion to Dismiss

Grassmueck moves to dismiss the claims asserted against him because Plaintiffs have not received permission to sue, as required by the Court's Order in the Global Action, and because Plaintiffs fail to state a claim as a matter of law.

It is a well-settled "general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained."  Barton v.

---

[2] On February 8, 2008, Plaintiffs moved to intervene in the Global Action. No. 07-cv-767-WSD [56].  Plaintiffs' motion to intervene in the Global Action is not currently before the Court.

-4-

Barbour, 104 U.S. 126, 127 (1881).  The rule – sometimes called the Barton doctrine – has been applied in federal courts nationwide through the years, often, but not exclusively, in the context of suits against a trustee in bankruptcy.  Carter v. Rodgers, 220 F.3d 1249, 1252-53 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001) (citing In re Linton, 1356 F.3d 544, 545 (7th Cir. 1998)).  The Eleventh Circuit has held that the Court lacks subject matter jurisdiction over a suit brought against a receiver if the plaintiff does not first obtain leave of Court to sue.  Carter, 220 F.3d at 1253.

A limited exception to the Barton doctrine allows plaintiffs to sue "[t]rustees [and] receivers . . . without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."  28 U.S.C. § 959(a).  The "carrying on business" exception is narrow and intended only to permit actions, without prior approval, over torts committed in furtherance of the business.  Section 959(a) does not apply to suits against receivers for administering or liquidating a receivership estate.  Carter, 220 F.3d at 1254; Muratore v. Darr, 375 F.3d 140, 144-45 (1st Cir. 2004).

In this case, Plaintiffs were required to seek leave of Court to file this suit against Grassmueck.[3] The Court's Order appointing Grassmueck as Receiver in the Global Action unambiguously and expressly bars suits against the Receiver without prior leave of the Court. Plaintiffs were advised of this restriction when they received Grassmueck's notice of the June Order. Plaintiffs' claim asserts only that Grassmueck's administration of the Receiver Estate somehow prejudices Plaintiffs' contractual rights. The Court necessarily finds that Plaintiffs were required to obtain leave of Court before filing suit against Grassmueck. Because

---

[3] The June Order states:

> IT IS FURTHER ORDERED that absent express permission and leave by this Court, all creditors and other persons seeking money damages or other relief from the Receiver Estate . . . are, until further order of this Court, hereby stayed. Further, all persons having notice of this Order, including creditors and others seeking money damages or other relief from the Receiver Estate . . . are restrained from doing anything to interfere with the Receiver's performance of his duties and the administration of the Receiver Estate. Accordingly, all such persons are enjoined from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Estate . . . except with the prior permission of this Court.

June Order at 19-20.

Plaintiffs have not sought leave of Court, the Court lacks subject matter jurisdiction over the claims asserted against Grassmueck.

Even if the Court had subject matter jurisdiction over the claims Plaintiffs seek to assert, the Court would be required to dismiss Grassmueck because Plaintiffs have failed to state a legally cognizable claim. Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal if a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(b). The law governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well-settled. Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

"Rule 8 requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss. This admonition is particularly true when the

parties are proceeding *pro se*.  Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Yet even in *pro se* cases, the Court is not permitted to serve as de facto counsel to a party or to rewrite an otherwise deficient pleading.  Id.

Even considering Plaintiffs' *pro se* pleading liberally, Plaintiffs do not state anything that could be construed as a viable claim against Grassmueck.  All Plaintiffs ask is that Grassmueck return, "in the shortest time possible," Plaintiffs' loan principal and interest.  Plaintiffs have not identified any facts showing that Grassmueck has wronged them.  Plaintiffs allege only that Grassmueck's position as Receiver in the Global Action, which was approved by this Court, renders him subject to suit for Plaintiffs' claims as a creditor of Global.  In support of these allegations, Plaintiffs cite to an interesting, but ultimately inapplicable, jumble of Supreme Court opinions, constitutional provisions, congressional statutes, scholarly treatises, opinion pieces by former government officials, Latin maxims, and the writings of President Madison, all ostensibly related to property and contractual rights of United States citizens.  The Court reads Plaintiffs' pleading

liberally, but the Court cannot pluck valid claims out of this ethereal discussion. Plaintiffs' claims against Grassmueck are required to be dismissed.

**B.     The SEC's Motion to Dismiss**

The SEC moves to dismiss Plaintiffs' claims against it on the basis of sovereign immunity and for failure to state a claim.

The doctrine of sovereign immunity shields the United States, its agencies, and its employees from suit, absent a waiver. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). The SEC is specifically immune from suit except in certain well-defined circumstances. SEC v. Independence Drilling Corp., 595 F.2d 1006, 1008 (5th Cir. 1979); 15 U.S.C. §§ 77v(a), 78aa.[4] A federal agency, including the SEC, may be sued only in the limited circumstances where Congress has expressly waived sovereign immunity. United States v. Dalm, 494 U.S. 596, 608 (1990). Absent a waiver of sovereign immunity, the Court lacks subject matter jurisdiction to adjudicate claims against the United States and its agencies. United States v. Mitchell, 463 U.S. 206, 212 (1983).

---

[4] Decisions of the former Fifth Circuit decided prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Plaintiffs do not identify under what congressional waiver of sovereign immunity they seek to proceed, although there are three potential avenues – the Administrative Procedures Act (the "APA"), 5 U.S.C. §§ 701, et seq., the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671, et seq., and a Bivens action. Plaintiffs do not satisfy the requirements of any of these waivers.

The APA waives sovereign immunity for certain claims, generally seeking to compel action of the United States government and its agencies. The APA expressly does not waive sovereign immunity for claims seeking money damages. 5 U.S.C. § 702.

The APA provides for judicial review only of an "[a]gency action made reviewable by statute and [a] final agency action for which there is no other adequate remedy in a court . . . ." Id. § 704. Plaintiffs have not identified any statute that makes the SEC's actions underlying this case reviewable by the Court, and they have not alleged a final agency action of the SEC which harmed them and for which there is no other adequate remedy. Indeed, Plaintiffs appear to concede that the APA does not waive sovereign immunity for the SEC in this case. Pls.'Resp. to Def. SEC's Mot. to Dismiss [18] at 7 ("Plaintiffs are seeking monetary relief, and such relief is barred under the present Act at 5 U.S.C. § 702").

Plaintiffs also cannot bring their claims against the SEC through a FTCA action.  The FTCA provides a limited waiver of sovereign immunity for certain tort claims seeking damages from the United States for the wrongful acts of its employees.  See 28 U.S.C. § 1346(b)(1).  If a plaintiff claiming torts by federal employees does not adequately comply with the requirements of the FTCA, the Court lacks subject matter jurisdiction to hear the dispute.  Boda v. United States, 698 F.2d 1174, 1176 (11th Cir. 1983).

A prerequisite to filing suit under the FTCA is that the plaintiff must first file an administrative claim with the agency claimed to have aggrieved him.  28 U.S.C. § 2675(a).  Without a prior administrative claim, the Court lacks jurisdiction to adjudicate claims under the FTCA.  Burchfield v. United States, 168 F.3d 1252, 1254-55 (11th Cir. 1999).  Plaintiffs have not filed an administrative claim with the SEC, and for that reason alone dismissal would be appropriate.

Even if Plaintiffs had followed the jurisdictional prerequisite for suit under the FTCA, Plaintiffs would not have been able to sue the SEC.  The proper party in a suit claiming torts of federal employees is the United States.  28 U.S.C. §§ 2674, 2679(a); Childress v. Northrop Corp., 618 F. Supp. 44, 48 (D.D.C. 1985), aff'd 784 F.2d 1131 (D.C. Cir. 1986).  The SEC cannot be sued under the FTCA.  Holmes v.

Eddy, 341 F.2d 477, 480 (4th Cir. 1965), cert. denied, 382 U.S. 892 (1965), reh'g denied, 383 U.S. 922 (1966).

Finally, Plaintiffs' claims, such as they are, are specifically excluded from coverage under the FTCA (and thus the United States and its agencies continue to have sovereign immunity from those claims). The FTCA does not waive sovereign immunity for "[a]ny claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). The heart of Plaintiffs' grievance is the SEC's alleged "unnecessary and unwarranted meddling into Plaintiffs' private contract with Global." Compl. ¶ 6. The FTCA also does not waive sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). To determine whether conduct of a federal employee or agency falls within a "discretionary function or duty," the Court looks to "whether the conduct involves an element of judgment or choice," and "whether the judgment exercised is of the kind that the discretionary function exception was designed to shield." Powers v. United States, 996 F.2d 1121, 1124-25 (11th Cir. 1993) (internal quotation marks omitted). The SEC is granted broad discretion by

Congress to investigate possible violations of the securities laws and to determine whether to bring civil or criminal actions to remedy those violations. 15 U.S.C. §§ 77t, 78u(a). The FTCA does not apply to Plaintiffs' claims.

Finally, Plaintiffs' potential <u>Bivens</u> action is meritless. A <u>Bivens</u> action provides an avenue for a plaintiff to seek remedies from a federal agent who commits a constitutional wrong. <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). A plaintiff cannot bring a <u>Bivens</u> action against the federal agency that employs the agent. <u>Meyer</u>, 510 U.S. at 484-86. Plaintiffs have not named any federal agent as a defendant in this action, and the Complaint does not allege facts which would support a <u>Bivens</u> action against any agent of the SEC.

Because sovereign immunity is not waived for any of the claims asserted in the Complaint, the Court lacks subject matter jurisdiction to adjudicate Plaintiffs' claims against the SEC.

For the reasons already discussed, Plaintiffs also have not stated a claim against the SEC upon which relief can be granted. Plaintiffs seek the return of funds they loaned to Global. The SEC is not now, and never has been, in possession of those funds. Plaintiffs allege that the SEC exercised dominion over

Global's funds – yet the order freezing Global's assets and establishing the Receiver Estate came not from the SEC, but from this Court. As for Plaintiffs' request that the Court apply to securities laws and SEC regulations the "more exacting judicial scrutiny" suggested in the justly famous footnote four of <u>United States v. Carolene Prods. Co.</u>, 304 U.S. 144, 152 n.4 (1938), Plaintiffs' request asserts no wrong that could be redressed through suit against the Defendants in this action.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Grassmueck's Motion to Dismiss [4] is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant the Securities and Exchange Commission's Motion to Dismiss [12] is **GRANTED**.

The Clerk is instructed to dismiss this action.

**SO ORDERED** this 21st day of February 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE